IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN L. SIVERTSON, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| HEARTFLOW, INC., a Delaware Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Brian L. Sivertson, for his Complaint against the Defendant, states and alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant to these proceedings was, a resident of Papillion, Sarpy County, Nebraska.

2. Defendant HeartFlow, Inc. ("HeartFlow") is a Delaware corporation with its headquarters in Redwood City, California, but does business in various states throughout the United States, including Nebraska.

3. Plaintiff began working for HeartFlow as a Business Development Manager in 2017. Plaintiff was terminated from employment on January 22, 2019.

## JURISDICTION AND VENUE

4. The jurisdiction of this matter arises under 28 U.S.C. § 1331 with federal questions arising under Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination Employment Act of 1967 (as amended), 29 U.S.C. § 621 *et seq.*

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343(3) based on the allegations that HeartFlow violated Plaintiff's civil

rights. An express grant of federal court jurisdiction over these federal claims is found in Title VII at 42 U.S.C. § 2000e-5(f)(3) and in the ADEA at 29 U.S.C. § 626(c). Jurisdiction over Plaintiff's state law claims lies under this Court's supplemental jurisdiction, 28 U.S.C. § 1367.

## FACTS

6. Plaintiff was hired by HeartFlow as a Business Development Manager in 2017. Plaintiff was assigned the Minnesota-Nebraska territory, as well as two additional sites in Oklahoma. During his employment, Plaintiff was continually commended for his work performance by his direct Manager, Stan Williams. Plaintiff achieved the top overall growth trend (revenue and volume) in HeartFlow during the year 2018.

7. Michael Buck ("Buck") became the Executive Vice President of Sales and the Chief Commercial Officer of HeartFlow in 2017. Bryan Humbarger ("Humbarger") was the Vice President of Sales.

8. On January 22, 2019, Plaintiff was informed that his employment with HeartFlow was being terminated pursuant to a Reduction in Force. Plaintiff was the only Business Development Manager to be terminated, and was told the reasons for his termination did not involve Plaintiff's performance, but that the position was "no longer necessary" as his assigned territory was "no longer strategic for the Company". Prior to Plaintiff's termination from employment, he had been denied consideration for and the opportunity to apply for positions at HeartFlow for which he was qualified. As further alleged below, the denial of employment opportunities and termination of Plaintiff's employment was because of his gender and age in violation of his rights under Title VII, the ADEA, the Nebraska Fair Employment Practice Act, and the Nebraska Age Discrimination in Employment Act.

9. Plaintiff was a member of the class of males, and was over the age of 40 when he worked for HeartFlow and at that the time of his termination.

10. Employment opportunities at HeartFlow were given to younger, female employees who were favored by Buck and Humbarger on the basis of sexual and age stereotyping. Buck and Humbarger engaged in a pattern and practice of making employment decisions based upon the youth and appearance of female employees. Buck and Humbarger exhibited their preferences by doing such things as:

(a) Referring to young, attractive women they hired, as "hotties";

(b) By reaping positive praise and providing suggestions for account development to younger, female employees while belittling Plaintiff's success, and not providing support and direction to Plaintiff;

(c) Making sexist comments to younger, female employees and treating them much more favorably than older, male employees; and

(d) Providing younger, less experienced women opportunities for other positions within the Company while, at the same time, not considering Plaintiff for any open positions for which he was qualified.

11. HeartFlow's stated reasons for ultimately terminating Plaintiff's employment, were a pretext for unlawful discrimination on the basis of gender and age.

12. Plaintiff has been the victim of disparate treatment on the basis of sex and age.

13. On or about November 13, 2019, Plaintiff filed a Charge of sex and age discrimination with the Equal Employment Opportunity Commission. This charge was cross-filed with the Nebraska Equal Opportunity Commission. Plaintiff, thereafter, on December 22, 2020,

received a Notice of Right to Sue from the EEOC dated December 18, 2020. This lawsuit has been commenced within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## FIRST CAUSE OF ACTION
### (Sex Discrimination—Title VII)

14. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint.

15. Sex was a motivating factor in HeartFlow's disparate treatment of Plaintiff and why Plaintiff suffered adverse employment actions. These employment actions were in violation of Title VII, 42 U.S.C. § 2000e-2(A).

16. As the direct and proximate result of HeartFlow's discriminatory actions, Plaintiff suffered mental anguish and emotional distress, loss of employment, and loss of wages and benefits. Plaintiff is entitled to the rights and remedies at law provided by Title VII, including actual damages, compensatory damages, punitive damages, and attorneys' fees.

WHEREFORE, Plaintiff requests judgment against Defendant for actual damages, compensatory damages, punitive damages, attorneys' fees and costs, and for such other and further relief as this Court may allow.

## SECOND CAUSE OF ACTION
### (Sex Discrimination – Nebraska Fair Employment Practice Act)

17. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint.

18. HeartFlow's actions and its disparate treatment and adverse employment actions on the basis of Plaintiff's sex also violated the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1104.

19. As a direct and proximate result of HeartFlow's discriminatory conduct, Plaintiff has suffered mental anguish and emotional distress, loss of employment, and loss of wages and benefits. Plaintiff is entitled to the rights and remedies at law provided by the Nebraska Fair Employment Practice Act, including actual damages, compensatory damages, and attorneys' fees.

WHEREFORE, Plaintiff requests judgment against Defendant for actual damages, compensatory damages, attorneys' fees and costs, and for such other and further relief as this Court may allow.

### THIRD CAUSE OF ACTION
### (Age Discrimination – ADEA)

20. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint.

21. Defendant would not have engaged in disparate treatment and adverse employment actions against Plaintiff, including terminating his employment, but/for Plaintiff's age.

23. As a direct and proximate result of HeartFlow's violation of the ADEA, Plaintiff is entitled to actual damages, liquidated damages, and attorneys' fees.

WHEREFORE, Plaintiff requests judgment against Defendant for actual damages, liquidated damages, attorneys' fees and costs, and for such other and further relief as this Court may allow.

### FOURTH CAUSE OF ACTION
### (Age Discrimination – Nebraska Age Discrimination in Employment Act)

24. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint.

25. A determining factor in Defendant's disparate treatment and adverse employment actions against Plaintiff was Plaintiff's age in violation of Neb. Rev. Stat. § 48-1004.

26. As a direct and proximate result of HeartFlow's violation of his civil rights, Plaintiff is entitled to the rights and remedies at law provided the Nebraska Age Discrimination in Employment Act, including, but not limited to, recovery of actual damages, compensatory damages, and attorneys' fees.

WHEREFORE, Plaintiff requests judgment against Defendant for actual damages, compensatory damages, attorneys' fees and costs, and for such other and further relief as this Court may allow.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues in Omaha, Nebraska.

Dated this 16th day of March, 2020.

                BRIAN L. SIVERTSON, Plaintiff

                By: s/Patrick M. Flood
                Patrick M. Flood, #19042
                PANSING HOGAN ERNST & BACHMAN LLP
                10250 Regency Circle, Suite 300
                Omaha, NE 68114
                Phone: (402) 397-5500
                Facsimile: (402) 397-4853
                pflood@pheblaw.com
                Attorneys for Plaintiff