IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRIAN L SIVERTSON,

Plaintiff,

vs.

HEARTFLOW, INC., a Delaware
Corporation,

Defendant.

**8:21CV112**

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the defendant. Filing No. 6. Plaintiff brought this action alleging both sex and age discrimination against the defendant in violation of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e et seq.; the Age Discrimination Employment Act of 1967 (as amended), 29 U.S.C. § 621 et seq.; the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1004 and § 48-1104; and the Nebraska Age Discrimination in Employment Act, Rev. Stat. § 48-1001. Defendant contends that plaintiff has failed to state a claim against it. Filing No. 1, Complaint.

**BACKGROUND**

Plaintiff was employed by defendant as a Business Development Manager. He contends that during his employment, he received many accolades for his work. Plaintiff achieved the top overall growth trend (revenue and volume) in HeartFlow during the year 2018. However, he was terminated on January 22, 2019, allegedly due to a reduction in force. He states that opportunities were given to younger, female employees on the basis

1

of sex and age.  He contends that plaintiff's supervisors engaged in this pattern and practice of choosing young, female employees.

**STANDARD OF REVIEW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully).  The Court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.  *Twombly*, 550 U.S. at 558, 556.  The evaluation prompted by a 12(b)(6) motion requires the court to construe the complaint in the light most favorable to the plaintiff and to accept as true the factual allegations of the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018).

The Court ordinarily does not consider matters outside the pleadings on a motion to dismiss.  *See* Fed. R. Civ. P. 12(d).  Matters outside the pleadings include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings."  *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999).  The Court may,

however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks,* 614 F.3d 495, 498 (8th Cir. 2010)).

**DISCUSSION**

Defendant contends that the plaintiff has failed to sufficiently plead his various causes of action.  Defendant argues that plaintiff pleads legal conclusions asserting that he suffered disparate treatment relative to his peers.  Defendant is particularly concerned that plaintiff does not cite specific events for his age and sex discrimination claims.

The Court finds that plaintiff has indeed alleged sufficient allegations to put the defendant on notice of his claims.  Plaintiff meets the minimum pleading requirements set forth in *Bell Atl. Corp.*  At this point in the case, the plaintiff need not "prove" that anything is the "but for" cause as discussed by the defendant.  Nor does the plaintiff have to show "evidence" at this stage in the litigation.  The plaintiff need not list his "comparable employees."  In fact, most of the cases cited by the defendant in support of this motion are cases dealing with summary judgment motions, not motions to dismiss.  The facts, as alleged in the complaint are, again, specific enough to notify the defendant of the claims against him.  The rest can be determined during discovery.

THEREFORE, IT IS ORDERED THAT defendant's motion to dismiss, Filing No. 6, is denied.

Dated this 21st day of July, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3